IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Myron Smith,

        Plaintiff,

vs.

Farm Bureau Property & Casualty Insurance Company,

        Defendant.

Case No.  6:21-CV-1023-HLT

## MEMORANDUM AND ORDER

On November 18, 2021, the Court orally issued an order granting in part and denying in part Plaintiff's Motion to Allow Supplementation (ECF No. 37), allowing Dr. Jared Scott to supplement his opinion to address future treatment. The Court ordered the parties to meet and confer about methods to cure any prejudice to Defendant. The parties conferred, and agreed that Defendant could have Dr. Michael Johnson conduct an independent medical examination of Plaintiff. They did not agree, however, on certain details about the examination. The Court held a telephone conference on November 29 to resolve the parties' disputes. This Memorandum and Order memorializes those rulings and briefly summarizes the Court's rationale.

First, the Court determined that a supplement to Dr. Scott's opinion was warranted. The Court found that a tardy supplement about future medical expenses was substantially justified, and that the Court could ensure that the untimely supplement was harmless to Defendant. The sanction for failing to provide information or to identify a witness as required by Rule 26(a) or (e), is that the noncompliant party is "not allowed to use that information or witness to supply

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[1] The determination of whether a Rule 26 violation is justified or harmless is "entrusted to the broad discretion of the district court."[2] While a court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered, (2) the ability to cure any prejudice, (3) the potential for trial disruption if the testimony is allowed, and (4) the erring party's bad faith or willfulness.[3] The party who failed to make the required disclosure has the burden to demonstrate substantial justification or the lack of harm.[4]

Plaintiff has met both burdens. The late supplementation was substantially justified because Plaintiff only recently learned that surgery was not recommended (in late September 2021) and relatively quickly acted on that knowledge and notified Defendant. Once Plaintiff learned that future surgery was not recommended, he went back to Dr. Scott, who recommended the alternative treatment of future epidural injections. Plaintiff's counsel confirmed this recommendation on October 13, 2021 and emailed Defense counsel that same day. The Court

---

[1] Fed. R. Civ. P. 37(c)(1).
[2] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).
[3] *Id.*
[4] *See Estate of McDermed v. Ford Motor Co.*, No. 14-cv-2430-CM-TJJ, 2016 WL 1298096, at *4 (D. Kan. Apr. 1, 2016) ("Because Plaintiffs failed to serve their Supplemental Initial Disclosures by the Scheduling Order deadline and that deadline was not extended, Plaintiffs have the burden to demonstrate that their failure to timely provide information required by Rule 26(a) was substantially justified or harmless."); *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 5938027, at *7 (D. Kan. Nov. 6, 2013) (burden to demonstrate substantial justification and the lack of harm is on the party who failed to make the required disclosure); *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001) (burden to establish harmlessness is on the party who failed to make the required disclosure).

can ensure that Defendant is not prejudiced by the timing of the disclosure (it is harmless) as further explained below.

In deciding to allow the supplementation, the Court noted that Dr. Scott's initial disclosure was weak, using primarily generic and boilerplate language referring to future medical treatments.[5] But Defendant did not timely object to the sufficiency of the disclosure. And Plaintiff's July 2021 answer to Interrogatory No. 11 mentioned future injections,[6] so it is not a surprise now that Plaintiff claims damages for future injections. Allowing supplementation will not disrupt the trial date, and there was no bad faith. Moreover, any potential prejudice is easily curable in this instance.

Second, the Court suggested that an IME (or other curative measure) would be allowed to counteract any prejudice to Defendant, and the parties discussed and arranged for an IME. They did not agree, however, about certain details of the IME.

Third, the Court considered three disputes between the parties about the IME: (1) whether a court reporter would be allowed to be present during the IME; (2) the scope of the IME; and (3) whether Defendant would be required to provide a list of the specific tests Dr. Johnson will use during the IME.

The Court held that a court reporter would not be allowed to be present during the IME, citing *Oxford v. Riddle*, a District of Kansas opinion written by Judge Gale and submitted to the Court by Defendant.[7] As *Oxford* stated, absent special circumstances, no outside presence is

---

[5] ECF No. 37-1 at 4 ("Dr. Scott will testify regarding: . . . Plaintiff's need for future medical treatment; the reasonable cost of future medical treatment . . . .").
[6] ECF No. 37-2 at 6–7 ("Future treatment in the form of future injections and future surgery if conservative treatment options fail is expected and will be attested to by Plaintiff's treating physicians.").
[7] No. 18-1163-JWB-KGG, 2019 WL 315019 (D. Kan. Jan. 24, 2019).

allowed in a deposition.[8] Having an observer present or using a recording device could be a distraction during the examination and diminish the accuracy of the process.[9] It would be highly unusual to allow a court reporter, given the anticipated limited scope and short length of the examination. And, contrary to Plaintiff's position, one apparent complaint about prior testimony of Dr. Johnson doesn't mean there is a credibility issue with regard to his testimony in this case. The Court explained its concern that allowing a court reporter in this instance might open Pandora's box, so to speak, with regard to requests for observers or court reporters at future IMEs in other cases. As for plaintiff not having a chance to respond to the results of the IME, the playing field will be leveled by the parameters and limited scope set for the IME in this Memorandum and Order.

During the November 29 conference, the Court confirmed that the scope of the IME must be limited.[10] The supplemental disclosure is similar to the original; the original did say "Plaintiff required epidural steroid injection and follow up."[11] Plus, it put Defendant on notice that Dr. Scott would testify about causation and the need for future medical treatment.[12] The supplement merely adds details that the pain in the hip will last indefinitely and Plaintiff will need 2–3 epidural shots per year for the foreseeable future.[13] Defendant wants the IME to include

---

[8] *Id.* at *4 (citing *Jones v. Greyhound* No. 08-1185-MLB-DWB, 2009 WL 1650264, at *7 (D. Kan. June 12, 2009) (denying request to videotape an examination because the plaintiff "failed to provide the Court with any special circumstances or concerns that would provide adequate justification for videotaping" or having "an independent third party . . . permitted" to accompany "for purposes of observation") (citation omitted)).

[9] *Jones*, 2009 WL 1650264, at *7.

[10] During the November 18 pretrial conference, the Court specified that it would allow an IME of narrow scope.

[11] ECF No. 37-1 at 4.

[12] *Id.* ("as a result of his injuries" and "automobile collision caused those injuries").

[13] ECF No. 37-7 at 3 (letter from Dr. Scott actually mentioning 3–4 shots, but the parties discussed the supplementation as only 2–3 shots per year).

diagnosis, causation, and future treatment. But that's much broader than the Court intended. Defendant could have sought an IME earlier regarding diagnosis and causation but chose not to do so. The IME is therefore only allowed for future treatment. The topic shall be limited to inquiry into whether epidural injections are necessary or expected to be helpful now and into the future, and the efficacy of such injections. In other words, the IME is limited to the future aspect of the proposed treatment.

Finally, the Court ordered that Defendant must provide a list of the specific tests Dr. Johnson will administer. On this point, *Jones v. Greyhound*, decided by Judge Bostwick, carries considerable weight for the Court. *Jones* noted that Rule 35 requires a specification of the "manner, conditions, and scope of examination."[14] In the end, Judge Bostwick required the defendants to provide the plaintiff with a list of tests and procedures the examiner may provide.[15] Following this guidance, the Court ordered that Dr. Johnson provide a list of the tests he anticipates giving Plaintiff. This list is due by December 6, 2021.

The dispositive motions deadline remains in place. The *Daubert* deadline is held in abeyance and will be reset.

**IT IS SO ORDERED.**

Dated December 6, 2021, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U.S. Magistrate Judge

---

[14] 2009 WL 1650264, at *6.
[15] *Id.*